United States District Court
District of Connecticut
FILED AT BRIDGEPORT
2/19/2014
Roberta D. Tabora, Clerk
By [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY B-13-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:14CR__________ |
| | : | |
| v. | : | 18 U.S.C. § 1347 (Health Care Fraud) |
| | : | 18 U.S.C. § 1516 (Obstruction of Federal Audit) |
| DANIELLE FAUX | : | 18 U.S.C. § 2 (Aiding and Abetting) |

INDICTMENT

The Grand Jury charges:

COUNTS ONE THROUGH FORTY-SIX
Health Care Fraud
18 U.S.C. § 1347

Introduction

At all times relevant to this Indictment:

1. Defendant DANIELLE FAUX ("FAUX") was a physical therapist licensed to practice by the State of Connecticut.

2. FAUX owned and operated Danielle Faux PT, LLC, a physical therapy practice that has been located at 27 Lois Street in Norwalk, Connecticut, since approximately August 2007.

3. FAUX also was a part owner of Achieve Rehab and Fitness, a gym that was also located at 27 Lois Street in Norwalk, Connecticut.

4. The Medicare program ("Medicare") was a federal health care benefit program that provided health insurance coverage for health care benefits, items, and services provided to Medicare beneficiaries. Medicare was administered by the Centers for Medicare and Medicaid Services, a component of the United States Department of Health and Human Services.

5. Anthem Blue Cross Blue Shield ("Anthem Blue Cross") was a health care benefit program that provided health insurance coverage for health care benefits, items, and services provided to individuals insured under Anthem Blue Cross health care plans.

6. FAUX was a participating provider in the Medicare program, and a participating provider with Anthem Blue Cross health care plans.

7. Medicare and Anthem Blue Cross provided health insurance coverage for certain physical therapy services provided to their beneficiaries and insureds. In order for these physical therapy services to be covered, the therapy services must be rendered by a licensed physical therapist, and documented in the patient's medical file.

8. FAUX referred certain of her physical therapy patients to personal trainers for personal training sessions at Achieve Rehab and Fitness gym.

<u>FAUX'S Health Care Fraud Scheme</u>

9. Beginning no later than on or about January 1, 2006, the exact date being unknown to the Grand Jury, and continuing to on or about December 8, 2011, in the District of Connecticut and elsewhere, FAUX devised a scheme and artifice to defraud health care benefit programs, including Medicare and Anthem Blue Cross, by submitting and causing to be submitted to the health care benefit programs claims for payment for physical therapy procedures, including therapeutic procedures (CPT Code 97110), neuromuscular reeducation (CPT Code 97112), manual therapy techniques (CPT Code 97140), and modalities such as ultrasound (CPT Code 97035), that FAUX purported were directly rendered to patients by herself or another licensed physical therapist employed by FAUX. In fact, as FAUX well and truly knew, the patients had only received personal training sessions at the Achieve Rehab and Fitness gym, and the personal training sessions were rendered by unlicensed personal trainers, not a licensed physical therapist.

By falsely billing sessions with personal trainers in the gym as licensed physical therapy procedures, FAUX obtained and attempted to obtain money to which she was not entitled.

10. On or about the dates set forth below, in the District of Connecticut and elsewhere, FAUX knowingly and willfully executed and attempted to execute the scheme and artifice to defraud Medicare and Anthem Blue Cross, each of which was a health care benefit program as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care benefits, items, and services; that is, on or about the dates set forth below, FAUX submitted and caused to be submitted to each health care benefit program materially false claims for physical therapy services by a licensed physical therapist, when as FAUX well and truly knew, the physical therapy services had not in fact been performed on the indicated date of service:

| COUNT | Patient Initials | Date of Service | Health Care Benefit Program | CPT Codes/ # of Units | Date Claim Submitted | Date Claim Paid |
|---|---|---|---|---|---|---|
| 1 | A.H. | 3/23/2009 | Medicare | 97110 x2<br>97112 x2<br>97140 x1 | 3/30/2009 | 4/10/2009 |
| 2 | A.H. | 3/30/2009 | Medicare | 97110 x2<br>97112 x2<br>97140 x1 | 4/6/2009 | 4/17/2009 |
| 3 | A.H. | 4/6/2009 | Medicare | 97110 x2<br>97112 x2<br>97140 x1 | 4/13/2009 | 4/24/2009 |
| 4 | A.H. | 4/13/2009 | Medicare | 97110 x2<br>97112 x2<br>97140 x1 | 4/20/2009 | 5/1/2009 |
| 5 | J.N. | 4/3/2009 | Medicare | 97110 x2<br>97112 x1<br>97140 x1 | 4/6/2009 | 4/17/2009 |

| COUNT | Patient Initials | Date of Service | Health Care Benefit Program | CPT Codes/ # of Units | Date Claim Submitted | Date Claim Paid |
|---|---|---|---|---|---|---|
| 6 | J.N. | 4/10/2009 | Medicare | 97110 x2<br>97112 x1<br>97140 x1 | 4/13/2009 | 4/24/2009 |
| 7 | J.N. | 4/17/2009 | Medicare | 97110 x2<br>97112 x1<br>97140 x1 | 4/20/2009 | 5/1/2009 |
| 8 | J.N. | 4/21/2009 | Medicare | 97110 x2<br>97112 x1<br>97140 x1 | 4/28/2009 | 5/11/2009 |
| 9 | J.N. | 4/24/2009 | Medicare | 97110 x2<br>97112 x1<br>97140 x1 | 4/28/2009 | 5/11/2009 |
| 10 | J.N. | 4/14/2011 | Medicare | 97110 x2<br>97112 x1<br>97140 x1 | 4/18/2011 | 5/20/2011 |
| 11 | J.N. | 5/20/2011 | Medicare | 97110 x2<br>97112 x1<br>97140 x1 | 5/25/2011 | 6/8/2011 |
| 12 | J.N. | 5/24/2011 | Medicare | 97110 x2<br>97112 x1<br>97140 x1 | 6/1/2011 | 6/15/2011 |
| 13 | N.R. | 2/5/2011 | Anthem Blue Cross | 97035 x1<br>97110 x2<br>97112 x1<br>97140 x2 | 2/11/2011 | 2/12/2011 |
| 14 | N.R. | 2/12/2011 | Anthem Blue Cross | 97035 x1<br>97110 x2<br>97112 x1<br>97140 x2 | 2/17/2011 | 2/18/2011 |
| 15 | N.R. | 2/19/2011 | Anthem Blue Cross | 97035 x1<br>97110 x2<br>97112 x1<br>97140 x2 | 2/25/2011 | 2/26/2011 |
| 16 | N.R. | 2/26/2011 | Anthem Blue Cross | 97035 x1<br>97110 x2<br>97112 x1<br>97140 x2 | 3/4/2011 | 3/5/2011 |
| 17 | N.R. | 7/9/2011 | Anthem Blue Cross | 97110 x2<br>97112 x1<br>97035 x1<br>97140 x2 | 7/13/2011 | 7/14/2011 |

| COUNT | Patient Initials | Date of Service | Health Care Benefit Program | CPT Codes/ # of Units | Date Claim Submitted | Date Claim Paid |
|---|---|---|---|---|---|---|
| 18 | N.R. | 7/16/2011 | Anthem Blue Cross | 97110 x2<br>97112 x1<br>97140 x2 | 7/21/2011 | 7/22/2011 |
| 19 | N.R. | 7/23/2011 | Anthem Blue Cross | 97110 x2<br>97112 x1<br>97140 x2 | 7/29/2011 | 7/30/2011 |
| 20 | N.R. | 7/30/2011 | Anthem Blue Cross | 97110 x2<br>97112 x1<br>97140 x2 | 8/6/2011 | 8/8/2011 |
| 21 | P.B. | 6/1/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 6/9/2010 | 6/10/2010 |
| 22 | P.B. | 6/2/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 6/9/2010 | 6/10/2010 |
| 23 | P.B. | 6/4/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 6/9/2010 | 6/10/2010 |
| 24 | P.B. | 6/7/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 10/30/2010 | 11/1/2010 |
| 25 | P.B. | 6/9/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 10/30/2010 | 11/1/2010 |
| 26 | P.B. | 6/11/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 10/30/2010 | 11/1/2010 |
| 27 | P.B. | 6/14/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 6/26/2010 | 6/28/2010 |
| 28 | P.B. | 6/16/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 6/26/2010 | 6/28/2010 |
| 29 | P.B. | 6/21/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 6/30/2010 | 7/1/2010 |
| 30 | P.B. | 6/23/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 6/30/2010 | 7/1/2010 |
| 31 | P.B. | 6/25/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 6/30/2010 | 7/1/2010 |

| COUNT | Patient Initials | Date of Service | Health Care Benefit Program | CPT Codes/ # of Units | Date Claim Submitted | Date Claim Paid |
|---|---|---|---|---|---|---|
| 32 | P.B. | 6/28/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 7/8/2010 | 7/9/2010 |
| 33 | P.B. | 6/30/2010 | Anthem Blue Cross | 97110 x1<br>97112 x2<br>97140 x1 | 7/8/2010 | 7/9/2010 |
| 34 | P.B. | 11/2/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 11/10/2011 | 11/11/2011 |
| 35 | P.B. | 11/4/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 11/10/2011 | 11/11/2011 |
| 36 | P.B. | 11/7/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 11/16/2011 | 11/17/2011 |
| 37 | P.B. | 11/9/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 11/16/2011 | 11/17/2011 |
| 38 | P.B. | 11/11/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 11/16/2011 | 11/17/2011 |
| 39 | P.B. | 11/14/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 11/25/2011 | 11/26/2011 |
| 40 | P.B. | 11/16/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 11/25/2011 | 11/26/2011 |
| 41 | P.B. | 11/18/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 11/25/2011 | 11/26/2011 |
| 42 | P.B. | 11/21/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 12/2/2011 | 12/3/2011 |

| COUNT | Patient Initials | Date of Service | Health Care Benefit Program | CPT Codes/ # of Units | Date Claim Submitted | Date Claim Paid |
|---|---|---|---|---|---|---|
| 43 | P.B. | 11/23/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 12/2/2011 | 12/3/2011 |
| 44 | P.B. | 11/25/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 12/2/2011 | 12/3/2011 |
| 45 | P.B. | 11/28/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 12/9/2011 | 12/15/2011 |
| 46 | P.B. | 11/30/2011 | Anthem Blue Cross | 97110 x1<br>97112 x1<br>97140 x1<br>29530 x1 | 12/9/2011 | 12/15/2011 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

COUNT FORTY-SEVEN
Obstruction of a Federal Audit
18 U.S.C. § 1516

Introduction

11. Paragraphs One through Nine of this Indictment are re-alleged and incorporated herein.

12. From March 31, 2008 to March 30, 2009, FAUX submitted claims to Medicare for physical services purportedly rendered to Medicare beneficiaries and received over $100,000 in Medicare payments during that one-year period. FAUX also received over $100,000 in Medicare payments during the 2008 calendar year.

13. The Medicare program contracted with the National Government Services, Inc. ("NGS") to provide program safeguard contract work. As part of NGS's duties, NGS routinely provided audits and integrity oversight of Medicare providers in Connecticut.

14. On or about August 12, 2009, NGS contacted FAUX and advised that NGS was performing a review of FAUX's practice. NGS provided FAUX with a list of forty claims for physical therapy services FAUX had submitted to Medicare. The services were purportedly rendered to fifteen patients. NGS asked FAUX to provide appropriate documentation to support the services billed on those forty occasions, including the physical therapy progress notes, physical therapy flow sheet/activity sheets, and any additional documentation verifying medical necessity for the physical therapy procedures.

15. FAUX knew that for many of the records NGS requested, no patient progress notes existed for the dates of service for which FAUX had billed Medicare. With few exceptions, FAUX and the physical therapist she employed routinely did not take notes on dates they treated patients, as required by Medicare and other health care benefit programs.

16. Some of the claims identified by NGS had been submitted for physical therapy services when in fact the patient had only received personal training sessions with an unlicensed individual in the gym at Achieve Rehab and Fitness. As alleged above, Medicare does not cover and, therefore, does not pay for claims for physical therapy services not rendered by a licensed physical therapist.

17. From on or about August 12, 2009 to on or about September 14, 2009, FAUX instructed a physical therapist working for FAUX to create detailed notes in the patient files that were subject to the NGS audit, and FAUX similarly created such records. The employee and FAUX created patient progress notes detailing patient treatments, physical therapy flow sheets, and records falsely indicating correspondence with the referring providers, in an attempt to substantiate services for which claims had been submitted without the entry of a contemporaneous note at the time of service. The created and altered notes falsely made it appear

that the Medicare beneficiaries had received direct, one-on-one services from a licensed physical therapist and that the therapist had documented each service at the time the service had been rendered, which FAUX well and truly knew was not the case.

18. On or about September 14, 2009, FAUX submitted and caused to be submitted the created and altered records to NGS in response to NGS's request for records.

FAUX'S Obstruction of a Federal Audit

19. From on or about August 12, 2009 to on or about September 14, 2009, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, FAUX, with the intent to deceive and defraud the United States, endeavored to influence, obstruct, and impede NGS employees who were federal auditors in the performance of official duties as defined in Title 18, United States Code, Section 1516(b)(1), relating to Danielle Faux PT, LLC, an entity receiving in excess of $100,000, directly and indirectly, from the United States in the one-year period from March 31, 2008 to March 30, 2009, pursuant to FAUX's provider agreement with the Medicare program; that is, FAUX created and altered and caused to be created and altered patient progress notes detailing patient treatments in an attempt to substantiate services for which claims had been submitted without the entry of a contemporaneous note at the time of service; the created and altered notes falsely made it appear that the Medicare beneficiaries had received direct, one-on-one services from a licensed physical therapist who documented each service at the time the service had been rendered as required by Medicare in order for the service to be covered, when FAUX well and truly knew that was not true.

All in violation of Title 18, United States Code, Sections 1516 and 2.

FORFEITURE ALLEGATION

20. The allegations contained in Counts One through Forty-Six are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7).

21. Upon conviction of the offenses of Title 18, United States Code, Section 1347 set forth in Counts One through Forty-Six of this Indictment, FAUX shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

(a) Real Property: Certain real property located at 59 Valley Forge Road, Weston, Connecticut, more fully described in Attachment A to this indictment.

(b) A sum of money equal to the total amount of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to violations of the Federal health care fraud offenses set forth in this Indictment.

22. If any of the property described above, as a result of any act or omission of FAUX:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

/S/

FOREPERSON

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

DAVID J. SHELDON
ASSISTANT UNITED STATES ATTORNEY

**Attachment A**

All that certain tract or parcel of land with any buildings and improvements standing, containing 2.09 acres, more or less, situated in the Town of Weston, County of Fairfield and State of Connecticut, shown and designated as Lot 1, on a certain map entitled, "Survey Prepared for Leonard D. Stone and Clara L. Stone, Weston, Conn., Scale 1" = 100', April 11, 1973", certified substantially correct by Charles S. Lyman, Jr., Land Surveyor, which map is on file in the Town Clerk's Office of the said Town of Weston, as Map no. 2265, reference thereto being had for a more particular description.

Said premises are also known as 59 Valley Forge Road.