

**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| *Connecticut Financial Center* | *(203) 821-3700* |
| *157 Church Street, 25th Floor* | *Fax: (203) 773-5378* |
| *New Haven, Connecticut 06510* | *www.justice.gov/usao/ct* |

September 22, 2016

Bradley D. Simon, Esq.
Simon & Partners, LLP
551 Fifth Avenue
New York, New York 10176
bsimon@simonlawyers.com

    Re:    *United States v. Danielle Faux*
             3:14CR28 (SRU)

Dear Attorney Simon:

      This letter confirms the plea agreement between your client, Danielle Faux, (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal case.

## THE PLEA AND OFFENSE

      The defendant agrees to plead guilty to Count 51 of the Superseding Indictment, charging her with obstruction of a federal audit, in violation of 18 U.S.C. § 1516, and to Count 54 of the Superseding Indictment, charging her with false statement on a federal income tax return, in violation of 26 U.S.C. § 7206(1).

      The defendant understands that, to be guilty of these offenses, the following essential elements of each offense must be satisfied:

Obstruction of a Federal Audit – Count 51

      1.    A federal auditor, as defined in 18 U.S.C. § 1516(b)(1), was in the performance of his or her official duties;

      2.    Those official duties related to a person, entity, or program receiving in excess of $100,000, directly or indirectly, from the United States in any one-year period under a contract, subcontract, grant, or cooperative agreement;

3. The defendant knew that an auditor was in the performance of his or her official duties;

4. The defendant endeavored to influence, obstruct, or impede the federal auditor in the performance of his or her official duties; and

5. The defendant acted willfully, with the intent to deceive or defraud the United States.

False Statement on an Income Tax Return – Count 54

1. The defendant made and subscribed a return, statement, or other document that was false as to a material matter;

2. The return, statement, or other document contained a written declaration that it was made under the penalties of perjury;

3. The defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and

4. The defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

## THE PENALTIES

The obstruction offense carries a maximum penalty of five years' imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment. The defendant understands that, should she violate any condition of the supervised release, she may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

The false statement offense carries a maximum penalty of three years' imprisonment and a $100,000 fine, together with the costs of prosecution. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than one year to begin at the expiration of any term of imprisonment. The defendant understands that, should she violate any condition of the supervised release, she may be required to serve a further term of imprisonment of up to one year per violation, with no credit for time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense, which is $100,000 for the false statement count.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. §§ 3572 (h), (i), and 3612(g).

### Restitution

As to the obstruction count, in addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663. As of the date of this agreement, the parties anticipate that any restitution for the obstruction count will likely be satisfied by a civil settlement to be negotiated with the Civil Division of the United States Attorney's Office. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

As to the tax count, the defendant agrees that the due and owing taxes are $22,654 for Tax Year 2008, $18,959 for Tax Year 2009, $26,037 for Tax Year 2010, and $9,990 for Tax Year 2011, for a total of $77,640. If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of probation or supervised release, the IRS will use the restitution order as the basis for a civil assessment. 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

### Forfeiture

The defendant agrees that by virtue of her plea of guilty she waives any rights or cause of action to claim that she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

Bradley D. Simon, Esq.  *Page 4*
September 22, 2016

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guideline application is other than she anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and her offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on her prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

These recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw her guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that she may not withdraw his plea of guilty if, for the reasons explained above, the Government

*Bradley D. Simon, Esq.*  *Page 5*
*September 22, 2016*

does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range. The Guidelines version effective November 15, 2015 is used for the following calculations.

As to the obstruction charge, Under U.S.S.G. § 2J1.2(a), the defendant's base offense level is 14. There are no additional adjustments.

As to the false statement charge, based on a total tax loss of more than $40,000 and less than $100,000, the defendant's base offense level is 14. U.S.S.G. § 2T4.1(E) (Tax Table). There are no additional adjustments.

Because the two charges are not grouped under U.S.S.G. § 3D1.2, each charge constitutes a separate unit under U.S.S.G. § 3D1.4(a), for a total of two units. Pursuant to U.S.S.G. § 3D1.4(a), two additional points are added to the group with the highest offense level, which is 14, for a total of 16. Three levels are subtracted for acceptance of responsibility, as noted above, for a total offense level of 13.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 13, assuming a Criminal History Category I, would result in a range of 12 to 18 months of imprisonment (sentencing table) in Zone C, and a fine range of $3,000 to $30,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of one to three years. U.S.S.G. § 5D1.2.

Bradley D. Simon, Esq.  Page 6
September 22, 2016

The defendant reserves her right to request a downward departure or non-Guideline sentence based on a combination of two or more offender characteristics or other circumstances, including, among other considerations, the severe change in her economic circumstances and business as a result of the investigation and criminal charges in this case; her suspension from the Medicare program; a legal action that has arisen based on the criminal charges which may result in her eviction from her business premises; the fact that the defendant is the sole provider for her and her husband; her husband's serious medical condition and upcoming surgeries; her parents' declining health; and the emotional and financial stress the defendant has sustained since becoming aware of the investigation in December 2011. Based on the defendant's representations that before sentencing, she will make her best efforts to reach a settlement with the Civil Division that involves restitution to be paid to the Medicare program and a period of voluntary exclusion as a provider in the Medicare program, the Government agrees not to object to the defendant's request for a departure or non-Guideline sentence that includes a period of home confinement.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that she will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement, or does not grant her request for a downward departure or non-Guideline sentence.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances she is entitled to challenge her conviction and sentence. The defendant agrees not to appeal or collaterally attack her conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will she pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed sixteen months of imprisonment, a three-year term of supervised release, a $200 special assessment, a fine, and any amount of restitution, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that she is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed

by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate herself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Bradley D. Simon, Esq.  Page 8
September 22, 2016

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that she is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the counts of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights she may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

## COLLATERAL CONSEQUENCES

The defendant understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. The defendant further understands that as a result of her guilty plea, she may be subject to exclusion as a provider in the Medicare or Medicaid programs. Further, the defendant understands that if she is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in the obstruction and false statements on tax returns which form the basis of Counts 51 and 54 of the indictment in this case. After sentencing, the Government will move to dismiss Counts 1 through 50 and Counts 52 and 53 of the Superseding Indictment.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw her guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

DAVID J. SHELDON
ASSISTANT UNITED STATES ATTORNEY

      The defendant certifies that she has read this plea agreement letter and its attachment(s) or has had it read or translated to her, that she has had ample time to discuss this agreement and its attachment(s) with counsel and that she fully understands and accepts its terms.

_____           9/22/16
DANIELLE FAUX                                    Date
The Defendant

      I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that she understands and accepts its terms.

_____           9/22/16
BRADLEY D. SIMON                           Date
Attorney for Danielle Faux

Bradley D. Simon, Esq.  Page 11
September 22, 2016

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that gives rise to the defendant's agreement to plead guilty to Counts 51 and 54 of the Superseding Indictment.

Obstruction of a Federal Audit – Count 51

1. At all times relevant to the Information, the defendant, Danielle Faux, owned and operated Danielle Faux PT, LLC, a physical therapy practice located at 27 Lois Street in Norwalk, Connecticut. The defendant was a physical therapist licensed to practice by the State of Connecticut.

2. The defendant and Danielle Faux PT, LLC, were participating providers in the Medicare program, and submitted claims to Medicare for physical therapy and other services rendered to Medicare beneficiaries.

3. At all times relevant to the Information, the Medicare program had contracted with National Government Services, Inc. ("NGS") to provide program safeguard contract work for the Medicare program. As part of NGS's duties, NGS routinely provided audits and integrity oversight of Medicare providers in Connecticut.

4. On or about August 12, 2009, NGS contacted the defendant and advised her that NGS was performing an audit of the defendant's physical therapy practice. NGS provided the defendant with a list of forty claims for physical therapy that the defendant had submitted to Medicare. The services were purportedly rendered to fifteen patients. NGS asked the defendant to provide appropriate documentation to support the services billed on those forty occasions, including the physical therapy progress notes, physical therapy flow sheet/activity sheets, and any additional documentation verifying medical necessity for the physical therapy procedures.

5. The defendant knew that for many of the records NGS requested, no patient progress notes or similar records existed for the dates for which the defendant had billed Medicare. With few exceptions, the defendant and the physical therapist she employed routinely did not take notes on dates they treated patients.

6. From on or about August 12, 2009 to on or about September 14, 2009, the defendant instructed a physical therapist working for the defendant to create detailed notes in the patient files that were requested in the NGS audit, and the defendant similarly created such records. The defendant and her employee created patient progress notes detailing patient treatments, physical therapy flow sheets, and records falsely indicating correspondence with the referring providers, in an attempt to substantiate physical therapy services for which claims had been

Bradley D. Simon, Esq.                                                                                       *Page 12*
September 22, 2016

      submitted without the entry of a contemporaneous progress note at the time of service.

7. On or about September 14, 2009, the defendant submitted and caused to be submitted to NGS for the audit the notes that the defendant and the physical therapist who worked for the defendant created.

8. During the calendar year 2008 and from August 1, 2008 to July 31, 2009, Danielle Faux PT, LLC submitted claims to Medicare for services and received over $100,000 in payments during each of those twelve-month periods.

9. By engaging in the conduct described above, the defendant willfully endeavored to influence, obstruct, and impede a federal auditor in the performance of her official duties, with the intent to deceive the United States.

False Statement on an Income Tax Return – Count 54

10. Beginning no later than January 1, 2010, and continuing on through December 31, 2010, the defendant skimmed certain proceeds from her physical therapy practice and used these proceeds for her personal use and expenses. These sums were not declared on the defendant's federal income tax returns for Tax Year 2010. The defendant reported the income for her physical therapy practice on a Schedule C, Profit or Loss from Business, as part of her U.S. Individual Income Tax Return, Form 1040.

11. The defendant skimmed the proceeds by diverting checks and cash received as payment for services from clients of her physical therapy practice. Some of these skimmed proceeds were deposited directly into a checking account held by another individual in Massachusetts; other proceeds were directly applied toward the defendant's personal credit accounts and loans. These skimmed proceeds were not deposited into the defendant's business checking account, and thus were not accounted for in the defendant's reporting of her business income.

12. On or about April 15, 2011, the defendant made and subscribed a federal income tax return that did not include the skimmed amounts for Tax Year 2010. The return contained a written declaration that it was made under the penalties of perjury.

13. When the defendant made and subscribed her Tax Year 2010 return, that did not include the skimmed amount, she knew that the return was not true and correct as to every material matter. The defendant falsely subscribed the return willfully, with the specific intent to violate the law.

*Bradley D. Simon, Esq.*                                                                                                    *Page 13*
*September 22, 2016*

14. The defendant engaged in similar conduct for the Tax Years 2008, 2009, and 2011.

15. The tax losses due and owing for the respective Tax Years are as follows:

    | Tax Year | Tax Loss |
    |---|---|
    | 2008 | 22,654 |
    | 2009 | 18,959 |
    | 2010 | 26,037 |
    | 2011 | 9,990 |
    | TOTAL TAX LOSS: | $ 77,640 |

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the Court in connection with sentencing.

_____
DANIELLE FAUX
The Defendant

_____
DAVID J. SHELDON
ASSISTANT UNITED STATES ATTORNEY

_____
BRADLEY D. SIMON, ESQ.
Attorney for Danielle Faux

## RIDER CONCERNING RESTITUTION

The Court may order that the defendant make restitution under 18 U.S.C. § 3663. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of her offense under 18 U.S.C. § 3555.